Filed 9/12/14  Kendra K. v. Superior Court CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| KENDRA K., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF MERCED COUNTY, <br><br> Respondent; <br><br> MERCED COUNTY HUMAN SERVICES AGENCY, <br><br> Real Party in Interest. | F069629 <br><br> (Merced Super. Ct. No. JP000743) <br><br><br> **O P I N I O N** |

## THE COURT\*

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Brian L. McCabe, Judge.

Kendra K., in pro. per., for Petitioner.

No appearance for Respondent.

James N. Fincher, County Counsel, and Sheri L. Damon, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

\*       Before Kane, Acting P.J., Detjen, J., and Chittick, J.[†]

[†]       Judge of the Fresno Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Kendra K. (mother) seeks an extraordinary writ (Cal. Rules of Court, rule 8.452) from a juvenile court's order terminating reunification services and setting a Welfare and Institutions Code section 366.26 hearing for her eight-year-old son, Julian L.[1] Mother questions the necessity for removing Julian from her custody. She also claims she has completed one of three requirements for reunification and is still participating in services.

On review, we conclude mother's petition fails to comport with the procedural requirements of section 366.26, subdivision (*l*) and California Rules of Court, rule 8.452(a) and (b). In particular, she fails to raise any legal issue that this court can review. Accordingly, we will dismiss mother's petition as inadequate.

## PROCEDURAL AND FACTUAL HISTORY

The parents' untreated substance abuse, mental health conditions, domestic violence, and transient lifestyle choices led the juvenile court in April 2013 to exercise its dependency jurisdiction over Julian and remove him from parental custody. The court also ordered reunification services for both parents. Mother's services included a mental health assessment and recommended treatment, a parenting course, and a substance abuse assessment and recommended treatment.

During the first six months of services, mother made minimal progress because she only began to participate in services as the six-month status review hearing approached. The court ordered continued reunification services for mother in the fall of 2013. However, once again mother made little progress. At most, she did complete a parenting course in December 2013.

After more than 12 months of reunification services, respondent Merced County Human Services Agency (agency) recommended that the court terminate family reunification services for the parents and set a section 366.26 hearing to select and implement a permanent plan for Julian.

---

[1] All statutory references are to the Welfare and Institutions Code.

At a contested hearing in June 2014, mother opposed the agency's recommendation. Nevertheless, she all but admitted in her testimony that she had accomplished little to reunify with Julian. She also had engaged in domestic violence with Julian's father earlier in 2014.

At the hearing's conclusion, the court continued Julian's out-of-home placement, terminated reunification services for the parents, and set a hearing pursuant to section 366.26 to select and implement a permanent plan for Julian.

## DISCUSSION

The purpose of writ proceedings, such as this, is to facilitate a prompt review of a juvenile court's order setting a section 366.26 hearing to select and implement a permanent plan for a dependent child. (Cal. Rules of Court, rule 8.450(a).) A court's decision is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is up to a petitioner to raise specific issues and substantively address them. (§ 366.26, subd. (*l*).) A petitioner must also include, inter alia, a memorandum summarizing the significant facts, limited to matters in the record and with citations to the record. (Cal. Rules of Court, rule 8.452(a) & (b).) This court will not independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

In her petition for extraordinary writ, mother contends that Julian was falsely detained because she believes he was never in harm's way. She also argues that she completed one of the court-ordered services and is currently continuing in services. She promises to do whatever it takes to regain custody of Julian. Mother, however, makes no specific claim of error regarding the court's June 2014 decision to terminate services and set the section 366.26 hearing to select and implement a permanent plan for Julian.

Mother has forfeited her argument regarding Julian's detention. Mother did not contest Julian's detention in the superior court nor did she appeal from the juvenile court's April 2013 dispositional orders. As a result, she cannot complain now about the removal of Julian from her custody. (*In re Elizabeth M.* (1991) 232 Cal.App.3d 553, 563

[a challenge to the most recent order entered in a dependency matter may not dispute prior orders for which the statutory time for filing an appeal has passed].)

In addition, mother overlooks the law that the superior court had to follow at the June 2014 hearing. A parent's failure to participate regularly and make substantive progress in court-ordered treatment is prima facie evidence that return of the child to the parent's custody would be detrimental. (§ 366.21, subd. (f).) In addition, the court may not continue reunification efforts after 12 months of services unless, among other things, the parent has made significant progress in resolving the problems that led to the child's removal. (§ 366.21, subd. (g)(1).)

Mother argues she completed one reunification service, the parenting course. However, completion of one reunification requirement is not the test for continuing reunification services. Because it is undisputed that mother neither made substantive progress in court-ordered treatment nor significant progress in resolving the problems that led to the child's removal, there can be no arguable claim that the court erred by continuing Julian's removal from mother's custody and terminating reunification services.

As to her current efforts, her remedy is not to argue such new evidence here. Our role is only to review the evidence that was before the superior court at the time of the June 2014 hearing. Instead, if mother can show her circumstances have so changed since the June 2014 hearing that it would be in Julian's best interests that the court change its order, she may wish to consider petitioning the superior court under section 388 to modify its order before the section 366.26 hearing.

## DISPOSITION

The petition for extraordinary writ is dismissed as inadequate. This opinion is immediately final as to this court.

4